IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-13426 |
| v. | ) | |
| | ) | **COMPLAINT** |
| MEDICREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |
| | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, the Plaintiff resides in this district, and/or Defendant transacts business in this district.

## PARTIES

4. Plaintiff Tiffany Johnson ("Plaintiff"), is a natural person who at all relevant times resided in the State of Michigan, County of Macomb, and City of Sterling Heights. Prior to August 31, 2016, Plaintiff resided in the State of Michigan, County of Oakland, and Township of Waterford.

5. Plaintiff was allegedly obligated to pay a debt owed or due, or asserted to be owed or due a creditor, other than Defendant.

6. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, medical services.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant Medicredit, Inc. ("Medicredit") is a foreign corporation licensed and authorized to do business in Sterling Heights, Michigan.

9. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

10. At all relevant times, Defendant acted on behalf of, and as an agent of, St. Joseph Mercy Hospital – Oakland ("St. Joe's"). St. Joe's hired Defendant Medicredit to collect the alleged Debt from Plaintiff.

2

11. At the time St. Joe's hired Defendant to collect the alleged Debt from the Plaintiff, the alleged Debt was in default.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. In May 2016, Plaintiff went to St. Joe's for medical procedures.

15. The following month, Plaintiff received explanations of benefits for each of the five procedures, which indicated that $171.25 from each of the procedures at St. Joe's was denied. [Exhibit A]

16. Each explanation of benefits indicated "NOTE: We have denied all or part of this claim. However you are not responsible for paying this billed amount".

17. On July 10, 2016, St. Joe's sent Plaintiff a bill in the amount of $856.25.

18. Upon information and belief, Plaintiff called St. Joe's to dispute the bill.

19. On November 20, 2016, Medicredit sent a collection notice to Plaintiff claiming that Plaintiff owed $856.25. [Exhibit B]

20. Also in November 2016, Medicredit reported to the credit reporting agencies, that Plaintiff owed the alleged debt.

21. Upon information and belief, on December 3, 2016, Plaintiff learned that Medicredit communicated the alleged debt to the credit reporting agencies.

22. The communication of the debt on the credit report indicated that the debt was "[p]laced for collection."

23. The credit report identified the balance as $856.

24. Upon discovering the negative credit report, Plaintiff called both St. Joe's and Defendant to again dispute the alleged debt.

25. Upon information and belief, on or about December 13, 2016, Plaintiff sent written correspondence to Medicredit disputing the alleged debt. [Exhibit C]

26. On January 23, 2017, Medicredit mailed or caused to be mailed correspondence to Plaintiff. [Exhibit D]

27. Defendant's January 23, 2017 correspondence stated "[w]e have received your dispute in regards to your account with St. Joseph Mercy Hospital – Oakland and are currently investigating the matter…"

28. Despite receipt of Plaintiff's December 13, 2016 dispute and Medicredit's investigation, Defendant did not request deletion of the communication of the alleged debt on Plaintiff's credit report.

29. On or about March 21, 2017, Defendant mailed or caused to be mailed correspondence to Plaintiff indicating that she owed a balance of $856.25. [Exhibit E]

4

30. Upon information and belief, Plaintiff again confirmed with her medical insurer that she was not responsible for any balance.

31. As of July 2017, the negative credit reporting continued to appear on Plaintiff's credit report.  [Exhibit F]

32. In August 2017, the credit reporting agencies deleted the negative credit reporting regarding the alleged debt.

33. Plaintiff Tiffany Johnson suffered harm and the negative reporting impacted her credit score and her ability to obtain credit.

34. The harm suffered by Plaintiff is particularized in that the violative transactions involved her personal alleged Debt, and they were directed to Plaintiff personally.

35. Likewise, Defendant's actions created a concrete harm in that they constituted multiple debt collection practices that Congress prohibited.

36. Furthermore, Defendant caused particularized, concrete harm by (1) attempting to collect monies from Plaintiff that she did not owe, and (2) reporting false negative credit information.

37. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. The FDCPA at Section 1692e(2)(A) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(2) The false representation of—

(A) the character, amount, or legal status of any debt.

15 U.S.C. § 1692e(2)(A).

40. Medicredit violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Medicredit violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(8)

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. The FDCPA at Section 1692e(8) provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    *   *   *

    (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).

43. Medicredit violated 15 U.S.C. § 1692e(8) communicating credit information which it knew or should have known to be false when it provided false information to the credit reporting agencies regarding the alleged debt which Plaintiff had previously disputed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Medicredit violated 15 U.S.C. § 1692e(8);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)    Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f(1)

44. Plaintiff repeats and re-alleges each and every allegation contained above.

45. The FDCPA at Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

46. Medicredit violated 15 U.S.C. § 1692f(1) by using unfair and unconscionable means to collect the alleged debt since there was no agreement creating the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)    Adjudging that Medicredit violated 15 U.S.C. § 1692f(1);

    b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

8

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

47. Plaintiff is entitled to and hereby demand a trial by jury.

Dated: October 20, 2017

LAW OFFICES OF RONALD S. WEISS
/s/ Ronald S. Weiss
Ronald S. Weiss (P48762)
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@YourFairDebtCollectionRights.com
(248) 737-8000
(248) 737-8003 Fax
Counsel for Plaintiff